**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:08CV550-RJC-DSC**

| | |
|---|---|
| **DISABLED PATRIOTS OF AMERICA,** )<br>**INC. and OWEN HARTY,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**CAROLINA MALL, LLC, a Georgia** )<br>**Limited Liability Company, d/b/a** )<br>**Carolina Mall, 1480 Concord Parkway N,** )<br>**Concord, NC 28025-2933,** )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Transfer Venue" (document #7) filed February 3, 2009. The Defendant has not filed a responsive brief and the time for filing a brief or otherwise opposing the Plaintiff's Motion has long expired.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Plaintiff's motion is now ripe for the Court's consideration.

This is an action seeking equitable relief pursuant to the Americans with Disabilities Act ("the ADA") 42 U.S.C. § 12112, et. seq.. In short, the Plaintiffs seek redress of alleged civil rights violations against disabled persons, including the individual Plaintiff, in public accommodations.

It is undisputed that all events and conditions that are the subject of this lawsuit occurred or are located at the Carolina Mall, which lies entirely within Cabarrus County in the Middle District of North Carolina. It is further undisputed that none of the parties otherwise reside or maintain a place of business in the Western District of North Carolina, that is, there is no basis for venue in this District.

In their Motion, the Plaintiffs' counsel concedes that she erroneously filed the Complaint in

this District, and requests that the Court transfer venue to the proper District.[1] When a plaintiff files an action in an improper venue, 28 U.S.C. § 1406(a) grants the Court the discretion to "dismiss [or] ... transfer such case" to the proper venue.

The Court concludes that principles of judicial efficiency dictate that rather than recommend dismissal of this action to the District Judge to whom this case is assigned (the Honorable Robert J. Conrad, Jr.), which dismissal if entered would be followed by the re-filing of an identical lawsuit in the Middle District, the better practice is simply to transfer venue to the Middle District. This is particularly true where the improper filing was an error by the Plaintiffs' out-of-state counsel in failing to recognize that Cabarrus County abuts but is not within the Western District of North Carolina.

**NOW THEREFORE, IT IS HEREBY ORDERED**:

1. The "Plaintiff's Motion to Transfer Venue" (document #7) is **GRANTED**, and this matter is hereby **TRANSFERRED** to the Middle District of North Carolina.

2. The Clerk is directed to send the instant file, including this Memorandum and Order, to the Clerk of Court for the Middle District of North Carolina

3. The Clerk is further directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

---

[1] The Court does note that at the time she filed the subject Motion, Plaintiffs' counsel was still mistaken as to the boundaries of the federal districts in North Carolina because she describes Cabarrus County as being located in the Eastern District of North Carolina.

**_____SO ORDERED.**

Signed: April 3, 2009

David S. Cayer
United States Magistrate Judge